SAMUEL KATZ AND ROSE KATZ, PLAINTIFFS, v. IRA J. KATCHEN ET AL., DEFENDANTS.

Decided February 16, 1932.

For the defendants, *Green & Green* (*by Harry Green*).

For the plaintiffs, *William Greenfield*.

SMITH, S. C. C. This is the second motion made in this case to strike out the complaint. The first motion was granted, and one of the grounds upon which it was granted was that separate counts should have been made as to each

plaintiff, unless a proper allegation was made as to joint ownership of the securities purchased by the plaintiffs or the money advanced by them.

The amended complaint has not remedied this objection. Paragraph 3 of the first count refers to the plaintiffs' paying over the sum of $25,000 to the defendants for purchase of stock, &c. Paragraph 9 states that the plaintiffs did pay unto the defendants large sums of money, to wit, $25,000 for the purpose of investing. The second count repeats the first count as to the first nine paragraphs including what has been before stated, and further alleges an additional investment of $10,000 by the plaintiffs.

The affidavit of the plaintiff Samuel Katz, which was used on the first motion, was introduced on this motion. In paragraph 5 it refers to his and his wife's money, and further on refers to the fact that he gave the money, while further on it states that he would not have invested the money. Paragraph 9 states that the money was obtained from him and from his wife; paragraph 16 refers to his money; paragraph 12 says that the $10,000 referred to in the second count was his wife's investment.

The guaranty referred to in the second count, a copy of which is attached to the complaint, does not state anyone to whom it is addressed, but I understand that it is claimed by the bill of particulars that it was given to the wife. The second count is by both plaintiffs.

There is an entire failure to allege any joint ownership in the moneys advanced; that is, that they were the moneys of the two. This is necessary, or else separate counts must be filed alleging what moneys advanced belonged to which plaintiff. Clearly the second count refers to money which was advanced by Mrs. Katz, and both plaintiffs are parties to this count.

The complaint must be stricken out on the ground of a misjoinder, joining two plaintiffs in each count when there are separate causes of action. The complaint is still inartistically drawn; it does not comply with Supreme Court rule, paragraph 31 B, referring to the pleadings, which

reads: "The statement must be divided into paragraphs numbered consecutively, each containing, as nearly as may be, a separate allegation." It is important in a fraud case, to separate the allegations so that the facts under the different principles of fraud may be alleged separately.

The motion to strike out the complaint will be granted with costs, including a counsel fee.